UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY | NO. 3:01CV2360AVC |
| V. | |
| DAVID OLENOSKI, JR. AND<br>ROBERT SMOLLEY | JANUARY 19, 2004 |

MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 6, 16(b), the plaintiff, Metropolitan Property & Casualty Company ("Metropolitan"), respectfully requests the modification of the Scheduling Order originally entered in this case on April 2, 2002 and modified by orders dated November 7, 2002 and May 23, 2003 as follows: An additional extension of six months (180 days) for all deadlines set forth in the Scheduling Order which is attached as Exhibit A.[1] The grounds for this motion are set forth below.

1. This is a declaratory judgment action that was commenced on December 18, 2001. Metropolitan seeks a determination as to whether it has a duty to defend or indemnify the defendant, David Olenoski, Jr., for claims alleged in a lawsuit brought by defendant, Robert Smolley, in Connecticut Superior Court and arising out of an incident occurring February 18, 2001 during which the defendant, Robert Smolley, and others were stabbed.

2. Metropolitan is presently defending defendant, David Olenoski, Jr., under a reservation of rights with respect to the state court action.

3. David Olenoski, Jr., has been the defendant in a pending criminal action in Connecticut Superior Court, G.A. 22 at Milford, in connection with the incident that forms the basis for this present declaratory judgment action.

4. Counsel for defendant, Olenoski, previously indicated that trial in the criminal case was not expected to commence until, at the earliest, the spring of 2003. (See October 24, 2002 letter from defense counsel, attached as Exhibit B.)

5. Counsel for Metropolitan contacted Connecticut Superior Court, G.A. 22 at Milford and was advised that a trial date of May 6, 2003 was set by Judge Holden with respect to the criminal charges then pending against defendant, Olenoski.

6. However, thereafter it was learned that the trial did not proceed on that date and that the parties were scheduled to return on June 17, 2003. According to plaintiff's counsel's communications with counsel for the defendant, Olenoski, it was uncertain whether the trial would begin on that date.

---

[1] The deadlines set forth in Exhibit A were extended by 180 days per an order of the Court, Covello, J. dated November 7, 2002 and subsequently extended an additional 150 days per an order of the Court, Covello, J. dated May 23, 2003.

7. Further, as a result of the then pending criminal action, defendant, Olenoski, would not provide sworn testimony by way of a deposition in this instant action and instead asserted his Fifth Amendment right to remain silent. (See Exhibit B.)

8. In addition, the Shelton Police Department has refused to provide undersigned counsel with a complete certified copy of the police report until after the conclusion of the criminal trial. Therefore, counsel is without certified witness statements that would be used in questioning witnesses at depositions and to support dispositive motions.

9. On December 10, 2003, counsel for the defendant, Olenoski, informed the undersigned that David Olenoski, Jr. entered a plea of guilty to a count of assault in the first degree with regard to the aforementioned pending criminal matter. (See December 10, 2003 letter from defense counsel, attached as Exhibit C.)

10. The December 10, 2003 correspondence from counsel for the defendant, Olenoski, also indicated that a sentencing hearing was to take place on January 12, 2004. (See Exhibit C.)

11. On January 12, 2004 the undersigned contacted Connecticut Superior Court, G.A. 22 at Milford with regard to the sentencing hearing. The undersigned was informed that the sentencing hearing was rescheduled to January 14, 2004.

12. On January 14, 2004 the undersigned contacted Connecticut Superior Court, G.A. 22 at Milford and was informed by the Clerk's office that David Olenoski was convicted of first degree assault and sentenced to 10 years, suspended after four and a half years and five years probation.

13. The sworn testimony could not be obtained from the defendant, David Olenoski, Jr., until the conclusion of the criminal trial.

14. As a result of his conviction on January 14, 2004, the defendant, David Olenoski, Jr. is presently incarcerated. As such, plaintiff's counsel may need additional time to schedule his deposition. Therefore, the plaintiff respectfully requests that this court extend the dates for all deadlines set in the April 2, 2002 Scheduling Order as modified by the November 7, 2002 and May 23, 2003 orders by 180 days.

14. The Court may modify a scheduling order upon the showing of good cause. Fed.R.Civ.P. 16(b); *Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996).

15. Under the circumstances as set forth above, there is good cause to modify the current Scheduling Order because the plaintiff has diligently attempted to comply with the order, but cannot reasonably meet the current deadlines, due to circumstances beyond the plaintiff's control.

16. The plaintiff has contacted both defendants with regard to this extension. Attorney Jacques, counsel for the defendant, Robert Smolley consents to Metropolitan's

filing of this motion. However, the undersigned was unable to obtain the consent of counsel Attorney Meehan, counsel for the defendant, David Olenoski, Jr., despite two attempts to do so.

17.    Defendant, Smolley, previously requested an extension of the deadline for the defendants' designation of trial experts. In addition, on November 1, 2002 and May 16, 2003 the parties jointly requested modifications of the scheduling order. Lastly, plaintiff, Metropolitan, requested a modification of the scheduling order on May 16, 2003. No other motions to modify or extend the scheduling order have been made.

WHEREFORE, the plaintiff respectfully requests that the Court grant this motion to modify the Scheduling Order to extend all deadlines by an additional 180 days.

>THE PLAINTIFF,
>METROPOLITAN PROPERTY
>AND CASUALTY INSURANCE
>COMPANY
>
>By_____
>    Karen T. Gerber
>    Federal Bar No.: ct13317
>    NUZZO & ROBERTS, L.L.C.
>    One Town Center
>    P.O. Box 747
>    Cheshire, Connecticut 06410
>    (203) 250-2000

## CERTIFICATION

This is to certify that on January 19 2004 a true copy of the foregoing Motion to Modify the Scheduling Order was mailed via first class postage prepaid to the following:

Michael Meehan, Esquire
MEEHAN, MEEHAN & GAVIN
76 Lyon Terrace
Bridgeport, CT  06604

Stephen Jacques, Esquire
MOORE, O'BRIEN,
JACQUES & YELENAK
700 West Johnson Avenue, Suite 207
Cheshire, CT  06410

                                                Karen T. Gerber
                                                Federal Bar No.:  ct13317
                                                NUZZO & ROBERTS, L.L.C.
                                                One Town Center
                                                P.O. Box 747
                                                Cheshire, Connecticut 06410
                                                (203) 250-2000

\\fp\nuzzo\wp\413001\139\Mot Extend Sched Order 01-19-04.doc