UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY | NO. 3:01CV2360AVC |
| V. | |
| DAVID OLENOSKI, JR. AND<br>ROBERT SMOLLEY | FEBRUARY 10, 2004 |

MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 6, 16(b), the plaintiff, Metropolitan Property & Casualty Company ("Metropolitan"), respectfully requests the modification of the Scheduling Order originally entered in this case on April 2, 2002 and modified by orders dated November 7, 2002 and May 23, 2003 as follows: An additional extension of six months (180 days) for all deadlines set forth in the Scheduling Order which is attached as Exhibit A.[1] The grounds for this motion are set forth below.

1.     This is a declaratory judgment action that was commenced on December 18, 2001. Metropolitan seeks a determination as to whether it has a duty to defend or indemnify the defendant, David Olenoski, Jr., for claims alleged in a lawsuit brought by defendant,

---

[1] The deadlines set forth in Exhibit A were extended by 180 days per an order of the Court, Covello, J. dated November 7, 2002 and subsequently extended an additional 150 days per an order of the Court, Covello, J. dated May 23, 2003.

Robert Smolley, in Connecticut Superior Court and arising out of an incident occurring February 18, 2001 during which the defendant, Robert Smolley, and others were stabbed.

2. Metropolitan is presently defending defendant, David Olenoski, Jr., under a reservation of rights with respect to the state court action.

3. David Olenoski, Jr., has been the defendant in a pending criminal action in Connecticut Superior Court, G.A. 22 at Milford, in connection with the incident that forms the basis for this present declaratory judgment action.

4. As a result of this pending criminal action, defendant, Olenoski, would not provide sworn testimony by way of a deposition in this instant action and instead asserted his Fifth Amendment right to remain silent.

5. In addition, the Shelton Police Department has refused to provide undersigned counsel with a complete certified copy of the police report until after the conclusion of the criminal trial. Therefore, counsel is without certified witness statements that would be used in questioning witnesses at depositions and to support dispositive motions.

6. On January 14, 2004, David Olenoski was convicted of first degree assault and sentenced to 10 years, suspended after four and a half years and five years probation.

7. The sworn testimony could not be obtained from the defendant, David Olenoski, Jr., until the conclusion of the criminal trial.

8.  As a result of his conviction on January 14, 2004, the defendant, David Olenoski, Jr. is presently incarcerated. As such, plaintiff's counsel may need additional time to schedule his deposition. The plaintiff has filed a request to take his deposition in prison.

9.  The Court may modify a scheduling order upon the showing of good cause. Fed.R.Civ.P. 16(b); *Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996).

10. Under the circumstances as set forth above, there is good cause to modify the current Scheduling Order because the plaintiff has diligently attempted to comply with the order, but cannot reasonably meet the current deadlines, due to circumstances beyond the plaintiff's control.

11. The plaintiff has contacted both defendants with regard to this extension. Attorney Jacques, counsel for the defendant, Robert Smolley consents to Metropolitan's filing of this motion. However, the undersigned was unable to obtain the consent of counsel Attorney Meehan, counsel for the defendant, David Olenoski, Jr., despite two attempts to do so.

12. Defendant, Smolley, previously requested an extension of the deadline for the defendants' designation of trial experts. In addition, on November 1, 2002 and May 16, 2003 the parties jointly requested modifications of the scheduling order. Lastly, plaintiff,

Metropolitan, requested a modification of the scheduling order on May 16, 2003. No other motions to modify or extend the scheduling order have been made.

WHEREFORE, the plaintiff respectfully requests that the Court grant this motion to modify the Scheduling Order to extend all deadlines by an additional 180 days as follows:

1. With regard to the deadline for to complete all discovery, including depositions of all witnesses, the plaintiff requests an extension until April 3, 2004.

2. With regard to the deadline for plaintiffs to designate all trial experts and provide opposing counsel with reports from retained experts, the plaintiff requests an extension until April 4, 2004.

3. With regard to the deadline to depose all plaintiff's experts, the plaintiffs request an extension until May 5, 2004.

4. With regard to the deadline for defendants to designate all trial experts and provide opposing counsel with reports retained from experts, the plaintiff requests an extension until June 21, 2004.

5. With regard to the deadline to depose all defendants' experts, the plaintiff requests an extension until April 3, 2004.

6. With regard to the deadline for filing all dispositive motions, the plaintiff requests an extension until September 1, 2004.

>   THE PLAINTIFF,
>   METROPOLITAN PROPERTY
>   AND CASUALTY INSURANCE
>   COMPANY
>
>   By_____
>   Karen T. Gerber
>   Federal Bar No.: ct13317
>   NUZZO & ROBERTS, L.L.C.
>   One Town Center
>   P.O. Box 747
>   Cheshire, Connecticut 06410
>   (203) 250-2000

## CERTIFICATION

This is to certify that on February 10, 2004 a true copy of the foregoing Motion to Modify the Scheduling Order was mailed via first class postage prepaid to the following:

Michael Meehan, Esquire
MEEHAN, MEEHAN & GAVIN
76 Lyon Terrace
Bridgeport, CT  06604

Stephen Jacques, Esquire
MOORE, O'BRIEN,
JACQUES & YELENAK
700 West Johnson Avenue, Suite 207
Cheshire, CT  06410

_____
Karen T. Gerber
Federal Bar No.:  ct13317
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

\\fp\nuzzo\wp\413001\139\Mot Extend Sched Order 02-10-04.doc